. RATTEREE *vs.* THE STATE OF GEORGIA.

1. Where it appeared that the cattle of the defendant were running at large upon the prosecutor's premises, and were taken up and impounded under the stock law, which was in force in that county; that, with several others, he went to the premises of the prosecutor and endeavored to release the cattle from the pound; that the wife of the prosecutor demanded the payment of damages done by the cattle, and resisted the defendant's attempt to release them and an altercation ensued, in the course of which the defendant said, "Go to hell, God damn you," such facts warranted a verdict of guilty of using opprobrious words or abusive language tending to cause a breach of the peace, without provocation.

2. General objections to testimony, without stating the grounds therefor, will be disregarded by this court.

November 9, 1886.

Criminal Law. Evidence. Practice in Supreme Court. Before Judge RICHARD H. CLARK. Clayton Superior Court. March Adjourned Term, 1886.

Reported in the decision.

J. T. SPENCE, for plaintiff in error.

H. C. JONES, solicitor-general; ALEXANDER & TURNBULL, for the State.

HALL, Justice.

The defendant's cattle were running at large on the prosecutor's premises, and were taken up and impounded under the stock law, which was in force in Clayton county. Followed by his retainers, to the number of five or six, he invaded the premises and endeavored to release the cattle from the pound. This attempt was resisted by prosecutor's wife, when an altercation ensued, in which the defendant used to and of her, and in her presence, the following opprobrious words and abusive language: "Go to hell, God damn you." She does not seem to have given

any provocation for the use of such language ; she only demanded the payment of damages done by the cattle. On an indictment, preferred under §4372 of code, for the use of this language, he was found guilty and sentenced.

1. The very words set out in the indictment were proved by two witnesses, the party assailed with these foul and abusive epithets and her daughter. True, he and all of his retainers gave a somewhat different account of the matter, but then the jury, as they had a right to do, credited the witnesses for the prosecution rather than his. There is, therefore, nothing in the grounds of the motion which he made for a new trial, that the verdict was contrary to law and evidence, without evidence to support it, etc. With a single exception, these are the only grounds on which he relied for another hearing of the case.

2. He objected generally to the testimony of one Morrow, who was a witness for the State, but stated no specific objection to his evidence. As has been often decided, such general objections amount to nothing, as they tender no issue upon which the court can pass; they amount to nothing, and are properly disregarded.

Judgment affirmed.